```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
                             )
                             )
v.                           )        CRIMINAL NO.
                             )        18-10154-DPW
FRANCIS M. REYNOLDS,         )
                             )
          Defendant.         )
```

MEMORANDUM AND ORDER REGARDING
REMAINING POST-NOTICE OF APPEAL MOTIONS
July 12, 2021

The Defendant has chosen to prosecute his appeal in this matter *pro se*. He has filed a large number of unconventional submissions making multiple assertions and claims in a manner that is difficult to understand. I have read and reread those submissions carefully and now act on those which have been styled "motions" to assure that the record of matters which might continue to engage action in this Court and those presented to the Court of Appeals in the Defendant's appeal are identified clearly.

A number of the outstanding "motions" concern efforts by the Defendant somehow to expand or augment the record on appeal. The appeal is fully briefed and thus the metes and bounds of the record to which Defendant refers has sufficient definition to

dispose of such motions.¹  They will be denied because they concern matters variously now moot, e.g. Dkt. No. 419, and in certain instances more particularly:²

    - Are beyond the power of this court to address: Dkt. No. 368 (seeking to receive technology assets from third parties);

    - Are improper efforts to expand the appellate record closed upon entry of Defendant's Notice of Appeal: Dkt. No. 370 (seeking to retrieve jury misconduct extraneous documents), Dkt. No. 396 (concerning allegations of jury misconduct), Dkt. No. 406 (seeking to remove Whistleblower Protection), Dkt. No. 413 (seeking laptop exculpatory evidence), Dkt. No. 431 (to receive sealed documents); Dkt. No. 433 (seeking "compl[iance] with Shareholder Request for US Constitution Right to Freedom of Assembly and shareholder updates"); and

    - Concern compliance with the Defendant's soon to be

---

¹ I note that the Court of Appeals in the parallel motions practice the Defendant has been conducting there has made clear — both before briefing had been filed, see Order of March, 29, 2021 (denying access to a co-defendant's laptop in part because of the absence of a showing "the laptop was []ever made part of the record in the district court"), and after briefing was completed, see Order of June 30, 2021 (Court of Appeals "has access to the full record of proceedings in the district court.") — that the appeal record is closed.

² Most of the "motions" submitted by the Defendant are compound and consist of multiple unrelated claims seeking multiple unrelated forms of relief.  While I have identified the principal claims and relief in each "motion" summarily in this Memorandum and Order, I have, of course, carefully considered the entirety of the "motions" and their references before disposing of them.

terminated release conditions: including, efforts to modify the no-contact conditions (Dkt. No 414) efforts to relocate to Florida without the prior approval of this Court (Dkt. Nos. 461, 470 and 471), efforts to draw this court into domestic relations matters which are being pursued and contested through state processes (Dkt. Nos. 470, 471, 472 and 480).  <u>The denials of these particular remaining "motions" are without prejudice to the use by Magistrate Judge Kelley and the Probation Offices of the District of Massachusetts and the Middle District of Florida to keep informed about the Defendant's activities in order to facilitate and assure his compliance with the directive that he report to the Bureau of Prisons by July 17, 2021.</u>

In addition, the Defendant has sought to relitigate questions of the propriety or extent of the order of forfeiture entered as to his assets in PixarBio, which was the entity providing a vehicle for the extensive fraudulent scheme as to which he stands convicted.  Upon careful review of the extensive submissions of the Defendant, I can find no basis to displace the determination of forfeiture as a result of the Defendant's untimely challenges and accordingly will deny the relief sought in Dkt. No 392 (to set aside forfeiture); Dkt. No 402 (to set

aside forfeiture); and Dkt. No. 417 (for reconsideration regarding forfeiture through substitute assets).[3]

Having given full consideration to the submissions of the Defendant and the Government following the entry of the forfeiture money judgment (Dkt. No. 292, February 28, 2020) and of the Preliminary Order of Forfeiture for Substitute Asset (Dkt. No. 359, August 5, 2020) superceding the Defendant's rights to the PixarBio assets he claims, I now will allow the Government's Final Motion for Forfeiture (Dkt. No. 380), which

---

[3] Under the general divestiture rule, the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam). This rule is, nevertheless, subject to "limited exceptions" in instances where "district court orders [] concern matters unrelated to the 'substance of the decision' being appealed." *United States* v. *Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (per curiam). For example, a district court may not modify a sentence or amend an order to add forfeiture while an appeal is pending. *United States* v. *Carpenter*, 941 F.3d 1, 5-6 (1st Cir. 2019). But if a final order and judgment includes an order of forfeiture — as the judgment subject to the Notice of Appeal in this case did — the district court may determine the dimensions of that forfeiture post-appeal. *Id.* at 6. Ultimately, the divestiture rule is based on concerns of judicial economy. *United States* v. *Rodríguez-Rosado*, 909 F.3d 472, 477-78 & n.6 (1st Cir. 2018). Given the present posture of the Government's enforcement efforts with respect to the PixarBio assets subject to forfeiture and perhaps otherwise available to satisfy the Defendant's additional financial obligations, specifically restitution, I find judicial economy will be best achieved by continuing supervision of the forfeiture order entered while the judgment is pending on appeal.

4

concerns only the rights of third parties and not the Defendant. For related reasons, I deny the Defendant's collateral attacks through remaining "motions" on that disposition: seeking reversal because of a purported failure of service by publication upon the Defendant (Dkt. No. 383); seeking release of cash for defense funding, medical use, and use to protect shareholder value (Dkt. No. 420); and (Dkt. No. 430) seeking release of "untainted frozen assets."

I remain, however, as I attempted to make clear to the Government at the hearing in this matter on January 13, 2021, concerned about what plans, if any, the Government intends to implement for liquidation of the plaintiff's former interest in PixarBio and how that liquidated interest may be applied to the Defendant's very substantial financial obligations under the judgment pending on appeal. Accordingly, the Government is directed to file on or before August 30, 2021, with service on the Defendant, a proposed plan for timely liquidation of that former interest in a fashion designed to obtain maximum value under the circumstances for application to the Defendant's outstanding financial obligations. *See generally supra* note 3.

/s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE